**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

JAMES PETTUS,

    Plaintiff,

v.

SUPT. MCGINNIS, et al.,

    Defendants.

FILED
05 SEP 28 AM 8:31
U.S. DISTRICT COURT
W/DNY ROCHESTER

DECISION AND ORDER
04-CV-6364

## Preliminary Statement

Pending before the Court are several motions brought by plaintiff: (1) for an order allowing plaintiff to depose defendants and have the "state" pay the deposition expenses (Docket #5); and (2) to compel discovery (Docket # 13, 20, 38, 40). By Order of Judge David G. Larimer, dated December 13, 2004, all pretrial motions excluding dispositive motions have been referred to me pursuant to 28 U.S.C. § 636(b)(1)(A)-(B). (Docket #18).

In his complaint, plaintiff alleges that Defendant Brown issued a false misbehavior report against him in retaliation for plaintiff's testimony against Brown in an incident involving another inmate. (Docket #1). According to the complaint, the remaining defendants violated his rights based on their involvement in his disciplinary hearing and subsequent review. Id.

## Discussion

1. Motion to Depose Defendants:   With regard to plaintiff's

motion to depose defendants at "state" expense, there is no authority under the present circumstances to force the State of New York to pay plaintiff's discovery costs. See generally Lewis v. Precision Optics, Inc., 612 F.2d 1074, 1076 (8th Cir. 1980) (rejecting plaintiff's claim that the district court erred in not requiring the government or the defendant to pay for deposition expenses); Toliver v. Community Action Commission to Help the Economy, Inc., 613 F.Supp. 1070, 1072 (S.D.N.Y. 1985)("there [is] no clear statutory authority for the prepayment of discovery costs"), aff'd, 800 F.2d 1128 (2d Cir. 1986). While the *in forma pauperis* statute, 28 U.S.C. § 1915, permits the waiver of prepayment of fees and costs for *in forma pauperis* litigants, "[t]here is no provision in the statute for the payment by the government of the costs of deposition transcripts." Tabron v. Grace, 6 F.3d 147, 159 (3d Cir. 1993), cert. denied, 510 U.S. 1196 (1994).

Plaintiff is an experienced pro se litigator and is advised that other discovery methods, particularly interrogatories, may be used to obtain the information he needs without incurring the expenses associated with a deposition. Indeed, some courts have routinely held that it is more practical for pro se plaintiffs in prisoner actions to conduct discovery through interrogatories, as opposed to depositions. See Boomer v. Grant, 2001 WL 1580237, *1 (S.D.N.Y. December 12, 2001); LaBounty v. Coombe, 1996 WL 30291, *1

2

(S.D.N.Y. January 24, 1996), citing McConnell v. Pepp, 1991 WL 50965, *1 (S.D.N.Y. April 3, 1991). Accordingly, plaintiff's motion to depose defendants and have the state pay for the costs of the depositions is **denied.**

2. Motions to Compel: With regard to plaintiff's motion to compel (Docket #13), he seeks an order directing defendants to provide him with the name of the captain who reviewed his appeal. Defendants have since provided plaintiff with Defendant Sullivan's name and Judge Larimer allowed defendant to amend his complaint accordingly. (Docket #21). Therefore, this motion is **denied as moot.**

As to plaintiff's motion to compel (Docket #20) defendants' personnel files to determine whether there have been any prior complaints against them for filing false misbehavior reports or assault, this motion is **granted in part.** Discovery of documents relating to: (1) prior incidents or claims similar to those alleged in plaintiff's civil rights complaint and (2) the truth or veracity of the defendants are discoverable under the Federal Rules of Civil Procedure and Federal Rules of Evidence. Hynes v. Coughlin, 79 F.3d 285, 293-94 (2d Cir. 1996) (in prison use of force case, cross-examination of defendant officer regarding prior false statements was related to character for truthfulness and, therefore, could be admitted under Rule 608 of the Federal Rules of Evidence to attack credibility); King v. Conde, 121 F.R.D. 180,

3

186, 191-92 (E.D.N.Y. 1988) (New York Civil Rights Law §50-a does not govern discoverability and confidentiality in federal civil rights actions and, in any event, professional personnel records involving such things as prior disciplinary proceedings or citizen complaints against officers do not enjoy a substantial privacy interest); Unger v. Cohen, 125 F.R.D. 67, 70-71 (S.D.N.Y. 1989) ("complaints that were abandoned or conciliated may not be admissible at trial, but that does not make them undiscoverable"; information about "accusations is an obvious source of 'leads' which resourceful counsel may pursue to [discover] evidence bearing on intent or other facts in issue").

Here, claims that defendants previously filed false reports would go to truth or veracity. Hence, plaintiff's motion to compel is **granted** to the extent the requested information exists. Defense counsel shall examine the defendants' personnel files and produce any information therein which concerns defendants' lack of truth or veracity. Because prior claims against DOCS officials are not categorized by nature of the claim, counsel shall also confer with his clients to see whether they have documents or recollections which are relevant and should be produced under the terms of this Order. Any information or documents discovered shall be provided to plaintiff within **two weeks** from the date of this Order. In the event that no such documents exist, defense counsel shall file an affidavit to that effect. However, plaintiff's request for

4

information regarding any prior instances of assault or excessive force by defendants is **denied**. Plaintiff did not raise any such claims in his complaint, and therefore, this information is irrelevant.

With Docket #38 and #40, plaintiff seeks excerpts from two hearing transcripts: his own and that of inmate Michael Charles, for whom he testified against Defendant Brown. Plaintiff states that these excerpts "are an integral part" of proving his case. (Docket #40). However, to the extent that defendants state that written transcripts of these hearings do not exist and that they have produced a tape recording of plaintiff's disciplinary hearing to him, this motion is denied. See Docket ##34, 41. With regard to plaintiff's request for the tape recording of his testimony against Defendant Brown at Inmate Charles' disciplinary hearing, I find that this evidence is within the scope of Rule 26 and plaintiff is entitled to a copy of that portion of the Charles hearing tape which contains plaintiff's own testimony. Within thirty (30) days, plaintiff shall be provided a copy of the tape containing his own testimony at the Charles hearing. No other part of the Charles hearing need be produced. For these reasons, plaintiff's motions to compel (Docket #38, 40) are **granted in part and denied in part**.

Accordingly, defense counsel shall produce any items from defendants' personnel files as directed within **two weeks** of this

Order and shall provide plaintiff with his recorded testimony within **30 days** of this Order. Plaintiff shall submit his interrogatories to defendants within **two weeks** of receiving the additional discovery directed by this Order. Within **30 days** thereafter, defendants shall submit responses to the interrogatories and discovery shall be completed on **December 30, 2005**. Any dispositive motions shall be filed no later than **January 30, 2006**.

**SO ORDERED.**

_____
JONATHAN W. FELDMAN
United States Magistrate Judge

Date: September 27, 2005
      Rochester, New York